James I. Stang (CA Bar No. 94435)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067-4114
Telephone: (310) 277-6910
Facsimile: (310) 201-0760
E-mail: jstang@pszjlaw.com

Attorneys for Joint Debtor, Wendy Villareal

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re | Case No. 2:14-bk-15245-BR |
| EDUARDO VILLARREAL and WENDY VILLAREAL, | Chapter 7 |
| Debtors. | **OBJECTION OF JOINT DEBTOR TO CLAIM OF NAVY FEDERAL CREDIT UNION [CLAIM NO. 4]; MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATIONS OF JAMES I. STANG AND JOINT DEBTOR** |

Hearing:
Date:     January 16, 2024
Time:     10:00 a.m.
Judge:    Barry Russell
Place:    Courtroom 1668
          United States Bankruptcy Court
          Central District of California
          Edward R. Roybal Fed. Bldg. &
          Courthouse
          255 E. Temple Street, Suite 1660
          Los Angeles, CA 90012

**TO THE HONORABLE BARRY RUSSELL, UNITED STATES BANKRUPTCY JUDGE, NAVY FEDERAL CREDIT UNION, THE OFFICE OF THE UNITED STATES TRUSTEE, THE CHAPTER 7 TRUSTEE, AND CERTAIN OTHER INTERESTED PARTIES:**

Pursuant to Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Bankruptcy Rules 3007-1 and 9013-1, Wendy Villareal, the joint debtor (the "Joint Debtor") in the above-captioned chapter 7 case, hereby moves the Court for an Order disallowing the $74,201.71

claim filed by Navy Federal Credit Union ("Navy Federal" or the "Claimant"), which is Claim No. 4 on the Court's Claims Register (the "Claim").

The Claim is based on a loan for a mobile home.  The Joint Debtor submits that the underlying debt has been satisfied pursuant to a foreclosure on the mobile home and hereby objects to the Claim.

This Objection is based on the Memorandum of Points and Authorities and Declarations of James I. Stang and Wendy Villareal set forth below, the exhibits attached thereto, the concurrently filed Notice of this Objection served on the Claimant and certain other interested parties, all pleadings, papers, and records on file with the Court in this proceeding, and such other evidence, oral or documentary, as may be presented to and considered by the Court in connection with this Objection and the hearing thereon.

**WHEREFORE**, the Joint Debtor respectfully requests that the Court enter an Order:

1.      Disallowing the Claim in its entirety; and

2.      Granting such other and further relief as the Court deems just and proper.

Dated:  December 5, 2023                    **PACHULSKI STANG ZIEHL & JONES LLP**


By:    */s/ James I. Stang*
_____
        James I. Stang

        Attorneys for Joint Debtor

DE:4893-9651-5726.6 55929.001                    2

## MEMORANDUM OF POINTS AND AUTHORITIES[1]

### I. STATEMENT OF FACTS

On March 19, 2014, Eduardo Villarreal and Wendy Villareal (collectively, the "Debtors") filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code commencing the above-captioned bankruptcy case (the "Bankruptcy Case"). Concurrently therewith, the Debtors filed their bankruptcy schedules. *See* Dkt. No. 1.

On or about March 19, 2014, John J. Menchaca was appointed to serve as chapter 7 trustee in the Bankruptcy Case. On May 9, 2014, Mr. Menchaca filed a no asset report and, on July 15, 2014, the Bankruptcy Case was closed.

On February 10, 2023, the United States Trustee (the "UST") filed a motion to reopen the case (the "Motion to Reopen") to administer assets. *See* Dkt. No. 19. The Motion to Reopen also sought appointment of a chapter 7 trustee for purposes of administering the bankruptcy estate.

On February 13, 2023, the Court entered an order granting the Motion to Reopen and directed the UST to appoint a chapter 7 trustee. On February 17, 2023, Mr. Menchaca was reappointed to serve as the chapter 7 trustee. The same day, Mr. Menchaca filed a notice of assets and possible dividend, and the Court fixed May 23, 2023 as the deadline to file proofs of claim.

The Debtors' Schedule F filed in the Bankruptcy Case lists Navy Federal with a debt in the amount of $75,640.00 for a "foreclosed home located at 3255 E. Avenue R SPC 158, Palmdale, CA 93550" (the "Property"). Attached hereto as **Exhibit 1** is a copy of the page of the Debtors' Schedule F [Dkt. No. 1] listing Navy Federal.

On March 30, 2023, Navy Federal filed its Claim against the bankruptcy estate (the "Estate") in the amount of $74,201.71, which is Claim No. 4 on the Court's Claims Register. A copy of the Claim is attached hereto as **Exhibit 2**. The documents attached to the Claim evidence that the Claim is based upon the same debt that was listed on the Debtors' Schedule F.

The Joint Debtor, based on her recollection and the information available to her, understands that the Property was sold, and the debt underlying the Claim was satisfied, in a foreclosure

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the motion to which this memorandum of points and authorities is attached.

proceeding, which is referenced on the Debtors' Schedule F and which the Joint Debtor believes was completed in or around 2014.  The Joint Debtor maintains that, since the foreclosure sale, she never received any correspondence from Navy Federal stating that any amounts were due and owing on account of the debt underlying the Claim.

On July 21, 2023, the Joint Debtor's counsel caused a letter to be mailed to Navy Federal, stating that the debt underlying the Claim is understood to have been satisfied pursuant to the foreclosure sale and requesting information regarding the foreclosure sale.  A copy of that letter is attached hereto as **Exhibit 3**.  To date, no response has been received from Navy Federal.

## II.    APPLICABLE LEGAL AUTHORITY AND ARGUMENT

### A.    Legal Authority Regarding the Applicable Burdens of Proof.

A proof of claim must provide sufficient facts and evidence to support the claim.  *See* 11 U.S.C. § 502(a); Fed. R. Bankr. P. 3001; *Ashford v. Consolidated Pioneer Mortg. (In re Consolidated Pioneer Mortg.)*, 178 B.R. 222, 226 (B.A.P. 9th Cir. 1995) ("Initially, the claimant must allege facts sufficient to support the claim.").  Absent such information, the claim is not entitled to *prima facie* validity under Bankruptcy Rule 3001(f), and if the claimant does not provide adequate evidence to support its claim, the claim may be disallowed.  *See Consolidated Pioneer Mortg.*, 178 B.R. at 226–27.

The burden of proof under section 502(a) of the Bankruptcy Code rests on different parties at different times.  *Id.* at 226.  Initially, the claimant must allege facts sufficient to support the claim.  *Id.* If the averments in the claim meet this standard of sufficiency, it is *prima facie* valid; a claim that alleges facts sufficient to support a legal liability to the claimant satisfies the claimant's initial obligation to go forward.  *Id.*  The burden of going forward then shifts to the objector to produce evidence sufficient to negate the *prima facie* validity of the claim.  *Id.*  The objector must produce evidence equal in force to the *prima facie* case; the objector must produce evidence that, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency.  *Id.*  If the objector produces sufficient evidence to negate one or more of the sworn facts in the proof of claim, the burden reverts to the claimant to prove the validity of the claim by the preponderance of the evidence.  *Id.*  The burden of persuasion is always on the claimant.  *Id.*

**B.** **The Claim Should Be Disallowed Because the Underlying Debt Has Been Satisfied.**

The Joint Debtor understands, based on her recollection and all information available to her, that the debt underlying the Claim was satisfied in the foreclosure sale of the Property. Moreover, the Joint Debtor maintains that she has never received any correspondence from Navy Federal since the foreclosure sale stating that any amounts are due and owing. In addition, the amount of the Claim ($74,201.71) is very close to the amount that was listed on the Debtors' Schedule F in 2014 ($75,640.00). It appears that Navy Federal filed its Claim based on the previously outstanding debt and did not consider the effect of the foreclosure sale. For these reasons, the Court should disallow the Claim in its entirety.

## III.  CONCLUSION

For the reasons set forth above, the Joint Debtor respectfully requests that the Court enter an Order:

1.      Disallowing the Claim in its entirety; and

2.      Granting such other and further relief as the Court deems just and proper.

Dated: December 5, 2023          **PACHULSKI STANG ZIEHL & JONES LLP**

By:  */s/ James I. Stang*
_____
James I. Stang

Attorneys for Joint Debtor

### DECLARATION OF JAMES I. STANG[2]

I, James I. Stang, declare as follows:

1.     The following matters are of my own personal knowledge and, if called upon to do so, I could and would competently testify as to the truth of the matters set forth herein.  I am an individual over the age of 18 years and am competent to make this declaration under oath.

2.     I am a partner with the law firm of Pachulski Stang Ziehl & Jones LLP, which is counsel for Wendy Villareal, the joint debtor (the "Joint Debtor") in the above-captioned chapter 7 case.

3.     I make this declaration in support of the Joint Debtor's objection to Claim No. 4 filed by Navy Federal Credit Union ("Navy Federal").

4.     On March 19, 2014, Eduardo Villarreal and Wendy Villareal (collectively, the "Debtors") filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code commencing the above-captioned bankruptcy case (the "Bankruptcy Case").  Concurrently therewith, the Debtors filed their bankruptcy schedules.  See Dkt. No. 1.

5.     On or about March 19, 2014, John J. Menchaca was appointed to serve as chapter 7 trustee in the Bankruptcy Case.  On May 9, 2014, Mr. Menchaca filed a no asset report and, on July 15, 2014, the Bankruptcy Case was closed.

6.     On February 10, 2023, the United States Trustee (the "UST") filed a motion to reopen the case (the "Motion to Reopen") to administer assets.  See Dkt. No. 19.  The Motion to Reopen also sought appointment of a chapter 7 trustee for purposes of administering the bankruptcy estate.

7.     On February 13, 2023, the Court entered an order granting the Motion to Reopen and directed the UST to appoint a chapter 7 trustee.  On February 17, 2023, Mr. Menchaca was reappointed to serve as the chapter 7 trustee.  The same day, Mr. Menchaca filed a notice of assets and possible dividend, and the Court fixed May 23, 2023 as the deadline to file proofs of claim.

8.     The Debtors' Schedule F filed in the Bankruptcy Case lists Navy Federal with a debt in the amount of $75,640.00 for a "foreclosed home located at 3255 E. Avenue R SPC 158, Palmdale,

---

[2]  Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the motion to which this declaration is attached.

CA 93550" (the "Property").  Attached hereto as Exhibit 1 is a copy of the page of the Debtors' Schedule F [Dkt. No. 1] listing Navy Federal.

9.      On March 30, 2023, Navy Federal filed its Claim against the bankruptcy estate (the "Estate") in the amount of $74,201.71, which is Claim No. 4 on the Court's Claims Register. A copy of the Claim is attached hereto as Exhibit 2.  The documents attached to the Claim evidence that the Claim is based upon the same debt that was listed on the Debtors' Schedule F.

10.      Under my supervision and direction, on July 21, 2023 my firm mailed a letter to Navy Federal, stating that the debt underlying the Claim is understood to have been satisfied pursuant to the foreclosure sale and requesting information regarding the foreclosure sale.  A copy of that letter is attached hereto as Exhibit 3.  To date, my firm has not received a response from Navy Federal.

I declare under penalty of perjury that the foregoing is true and correct, and that this declaration was executed on December 5, 2023 at Los Angeles, California.

*/s/ James I. Stang*
James I. Stang

### DECLARATION OF WENDY VILLAREAL[3]

I, Wendy Villareal, declare as follows:

1.     The following matters are of my own personal knowledge and, if called upon to do so, I could and would competently testify as to the truth of the matters set forth herein.  I am an individual over the age of 18 years and am competent to make this declaration under oath.

2.     I am the Joint Debtor in the above-captioned chapter 7 case, which I filed together with my ex-husband, Eduardo Villareal, in 2014.

3.     I make this declaration in support of my objection to Claim No. 4 filed by Navy Federal Credit Union ("Navy Federal").

4.     Navy Federal was a creditor in connection with a mortgage loan on a mobile home that was located at 3255 E. Avenue R SPC 158, Palmdale, CA 93550 (the "Property").

5.     Based on my recollection and all information available to me, it is my understanding that the Property was sold in a foreclosure proceeding that concluded in or about 2014.   The foreclosure is referenced in Schedule F of my petition.   It is my understanding that the debt underlying Navy Federal's claim was satisfied by the foreclosure sale and that I was released from any obligation I may have had to pay the debt.

6.     Since the time of the foreclosure sale, I have never received any correspondence from Navy Federal stating that any amounts are due and owing on the debt underlying the proof of claim that Navy Federal has filed in my case.

7.     For these reasons, I believe that I do not owe any amounts to Navy Federal.

I declare under penalty of perjury that the foregoing is true and correct, and that this declaration was executed on August _18_, 2023, at _Palmdale, CA_ .

_W. Veill_

Wendy Villareal

---

[3]     Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the motion to which this declaration is attached.

DOCS_DE:244213.1 55929/001

# **EXHIBIT 1**

B6F (Official Form 6F) (12/07) - Cont.

In re _EDUARDO VILLARREAL and WENDY VILLARREAL_ ,      Case No. _____

            **Debtor(s)**                                                             (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| Creditor's Name, Mailing Address including Zip Code, And Account Number (See instructions above.) | Co-Debtor | Date Claim was Incurred, and Consideration for Claim. If Claim is Subject to Setoff, so State. H--Husband W--Wife J--Joint C--Community | Contingent | Unliquidated | Disputed | Amount of Claim |
|---|---|---|---|---|---|---|
| Account No: 3754 <br> Creditor # : 49 <br> MICHAEL S. HUNT, ESQ. <br> 151 BERNAL ROAD TE. 8 <br> SAN JOSE, CA 95119 | C | 2007 <br> LAWSUIT <br> LAWSUIT - MIDLAND FUNDING <br> CASE NO. 11CA3754 | X | X | | $ 7,556.00 |
| Account No: 1009 <br> Creditor # : 50 <br> NATIONAL CREDIT ADJU <br> 327 W. 4TH AVE. <br> HUTCHINSON, KS 67501 | C | 04/12 <br> COLLECTION AGENCY <br> COLLECTIONS FOR AMERICAN EXPRESS | X | X | | $ 16,469.00 |
| Account No: 8202 <br> Creditor # : 51 <br> NATIONWIDE CREDIT, INC. <br> 2002 SUMMIT BLVD., STE. 600 <br> ATLANTA, GA 30319 | C | 3/13 <br> COLLECTION AGENCY <br> COLLECTIONS FOR LVNV FUNDING/ <br> CAPITAL ONE | X | X | | $ 1,450.00 |
| Account No: 2201 <br> Creditor # : 52 <br> NAVY FEDERAL CREDIT UNION <br> P.O. BOX 3600 <br> MERRIFIELD VA 22116 | C | 05/12 <br> FORECLOSURE <br> FORECLOSED HOME LOCATED AT <br> 3255 E. AVENUE R SPC 158 <br> PALMDALE, CA 93550 | X | X | | $ 75,640.00 |
| Account No: 0494 <br> Creditor # : 53 <br> NELSON & KENNARD <br> 2180 HARVARD ST. STE 160 <br> SACRAMENTO, CA 95853 | C | 2004 <br> COLLECTION AGENCY <br> COLLECTIONS FOR DISCOVER BANK | X | X | | $ 3,988.00 |

Sheet No. __10__ of ___13___ continuation sheets attached to Schedule of          **Subtotal $**      $ 105,103.00

Creditors Holding Unsecured Nonpriority Claims                                       **Total $**

(Use only on last page of the completed Schedule F. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related

# EXHIBIT 2

**Fill in this information to identify the case:**

| | |
|---|---|
| Debtor 1 | Eduardo  Villarreal |
| Debtor 2 (Spouse, if filing) | Wendy  Villareal |

U.S. BANKRUPTCY COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA

Case number   14-15245

Official Form 410

# Proof of Claim

04/22

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309)** that you received.

| Part 1: | Identify the Claim |
|---|---|

| | |
|---|---|
| 1. Who is the current creditor? | Navy Federal Credit Union |
| | Name of the current creditor (the person or entity to be paid for this claim) |
| | Other names the creditor used with the debtor _____ |
| 2. Has this claim been acquired from someone else? | ☑ No ☐ Yes.  From whom? _____ |

| 3. Where should notices and payments to the creditor be sent? Federal Rule of Bankruptcy Procedure (FRBP) 2002(g) | Where should notices to the creditor be sent? | Where should payments to the creditor be sent? (if different) |
|---|---|---|
| | Navy Federal Credit Union | Navy Federal Credit Union |
| | Name | Name |
| | P.O. Box 3000 | P.O. Box 3000 |
| | Number      Street | Number      Street |
| | Merrifield, VA 22119 | Merrifield, VA 22119 |
| | City          State          ZIP Code | City          State          ZIP Code |
| | Contact phone 800-336-3767 x 45792 | Contact phone 800-336-3767 x 45792 |
| | Contact email bankruptcyspecialist@navyfederal.org | Contact email bankruptcyspecialist@navyfederal.org |

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

__ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __

| | |
|---|---|
| 4. Does this claim amend one already filed? | ☑ No ☐ Yes.  Claim number on court claims registry (if known) _____   Filed on _____  MM / DD / YYYY |
| 5. Do you know if anyone else has filed a proof of claim for this claim? | ☑ No ☐ Yes.  Who made the earlier filing? _____ |

| **Part 2:** | **Give Information About the Claim as of the Date the Case Was Filed** |
|---|---|

**6. Do you have any number you use to identify the debtor?**

☐ No

☑ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor:  __2__  __2__  __0__  __1__

---

**7. How much is the claim?**   $_____74,201.71__ . **Does this amount include interest or other charges?**

☐ No

☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

---

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

Money Loaned - 2201

---

**9. Is all or part of the claim secured?**

☑ No

☐ Yes.   The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☐ Other. Describe:  _____

**Basis for perfection:**  _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:**  $_____

**Amount of the claim that is secured:**  $_____

**Amount of the claim that is unsecured:**  $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:**  $_____

**Annual Interest Rate** (when case was filed)_____%

☐ Fixed

☐ Variable

---

**10. Is this claim based on a lease?**

☑ No

☐ Yes. **Amount necessary to cure any default as of the date of the petition.**  $_____

---

**11. Is this claim subject to a right of setoff?**

☑ No

☐ Yes. Identify the property: _____

---

| | |
|---|---|
| **12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?** <br><br> A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ■ No <br> ☐ Yes. *Check one:* **Amount entitled to priority** |

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).  $_____

☐ Up to $3,350* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).  $_____

☐ Wages, salaries, or commissions (up to $15,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).  $_____

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).  $_____

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).  $_____

☐ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies.  $_____

\* Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment.

## Part 3:  Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

■ I am the creditor.
☐ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  03/30/2023
                  MM  /  DD  /  YYYY

/S/ Joseph P. Pool
Signature

**Print the name of the person who is completing and signing this claim:**

| | |
|---|---|
| Name | Joseph P. Pool |
| | First name   Middle name   Last name |
| Title | Bankruptcy Specialist |
| Company | Navy Federal Credit Union |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. |
| Address | P.O. Box 3000 |
| | Number   Street |
| | Merrifield, VA 22119 |
| | City   State   ZIP Code |
| Contact phone | 18003363767   Email  bankruptcyspecialist@navyfederal.org |

# PROOF OF CLAIM ATTACHMENT

**Debtor Name:** Eduardo  Villarreal

**Case Number:** 14-15245

## NAVY FEDERAL CREDIT UNION

**Last four digits of Social Security:** # 7656

**Itemize the principal and interest due on the claim as of the petition date** (included in the Amount of Claim listed in Item 1 on your Proof of Claim form).

1.  **Principal Due**                                                           $ 72,104.42

2.  **Interest Due**                                                            $  2,097.29

Total principal and interest due   $  74,201.71

## Part 2:  Statement of Amount Necessary to Cure Default as of the Petition Date

1.  **Installment payments due**        Date of last payment received by creditor        05/09/2011

Number of payments past due        # n/a

Total Amount Necessary to Cure Default   $ 74,201.71

## Part 3:  Statement of Prepetition Fees, Expenses, and Charges

**Itemize the fees, expenses, and charges due on the claim as the petition date** (included in the Amount of Claim listed in Item 1 on your Proof of Claim form).

| Description | Dates incurred | | Amount |
| --- | --- | --- | --- |
| 1. **Non-sufficient funds (NSF) Fees** | | | $ |
| 2. **Attorney's fees/Associated Costs** | | | $ |
| 3. **Other Specify** _____ | | | $ |

Total Prepetition fees, expenses and charges   $        0.00

## Part 4:  Open Ended/Revolving Accounts

**Last Transaction:** _____

**Last payment:** _____

**Date account charged off, if applicable:** _____

Total due as of the Petition Date   $ _____

(Page 4 of 125)

Case 2:14-bk-15245-BR   Doc 60-1 Filed 12/05/23 Entered 12/05/23 11:01:54   Desc
United Services of America Federal Credit Union   Main Document   Page 16 of 22

## ITEMIZATION OF THE AMOUNT FINANCED

| Itemization of Amount Financed of | Amount Given to You Directly | Amount Paid on Your Account | Prepaid Finance Charge |
|---|---|---|---|
| $82,500.00 | $82,500.00 | $0.00 | $ |

Amount Paid to Others on Your Behalf: (If an amount is marked with an asterisk (*) we will be retaining a portion of that amount.)

| $82,500.00 | To | ☐67 S1 VIL | To |
| | To | | To |
| | To | | To |
| | To | | To |
| | To | | To |

## LOAN AGREEMENT

In this Loan Agreement ("Agreement") all references to "Credit Union," "we," "our," or "us," mean the Credit Union whose name appears above and anyone to whom the Credit Union assigns or transfers this Agreement. All references to "you," or "your" mean each person who signs this Agreement as a borrower.

### 1. PROMISE TO PAY -

You promise to pay $ 82500 to the Credit Union plus interest on the unpaid balance until what you owe has been repaid. For fixed rate loans the interest rate is 9.000% per year.

### Collection Costs:

You promise to pay, subject to any limits under applicable law, all costs of collecting the amount you owe under this agreement. This includes but is not limited to reasonable attorney's fees and court costs as well as legal expenses for any bankruptcy, appeals or postjudgment proceedings.

**2. PAYMENTS -** You promise to make payments of the amount and at the time shown in the Truth in Lending Disclosure. You may prepay any amount without penalty. If you prepay any part of what you owe, you are still required to make the regularly scheduled payments, unless we have agreed to a change in the payment schedule. Because this is a simple interest loan, if you do not make payments exactly as scheduled, your final payment may be more or less than the amount of the final payment that is disclosed. If you elect credit insurance, we will either include the premium in your payments or extend the term of your loan. If the term is extended, you will be required to make additional payments of the scheduled amount, until what you owe has been paid. You promise to make all payments to the place we choose. If this loan refinances another loan we have with you, the other loan will be canceled and refinanced as of the date of this loan.

**3. LOAN PROCEEDS BY MAIL -** If the proceeds of this loan are mailed to you, interest on this loan begins on the date the loan proceeds are mailed to you.

**4. SECURITY FOR LOAN -** This Agreement is secured by all property described in the "Security" section of the Truth in Lending Disclosure. Property securing other loans you have with us also secures this loan, unless the property is a dwelling. A dwelling secures this loan, only if it is described in the "Security" section of the Truth in Lending Disclosure for this loan. *If Credit Union has a federal charter:* Statutory Lien - If you are in default on a financial obligation to us, federal law gives us the right to apply the balance of shares and dividends in all individual and joint accounts you have with us to satisfy that obligation. After you are in default, we may exercise this right without further notice to you. (We have a federal charter if our name includes the term "Federal Credit Union.") *If Credit Union has a state charter, except in Ohio and Rhode Island:* We have a statutory lien on the shares and dividends and, if any, the deposits and interest in all individual and joint accounts you have with us and may exercise our rights under the lien to the extent permitted by state law. (We have a state charter if our name does not include the term "Federal Credit Union." *For all borrowers:* You pledge as security, for this loan all shares and dividends and, if any, all deposits and interest in all joint and individual accounts you have with the credit union now and in the future. **The statutory lien and/or your pledge will allow us to apply the funds in your account(s) to what you owe when you are in default.** The statutory lien and your pledge do not apply to any Individual Retirement Account or any other account that would lose special tax treatment under state or federal law if given as security.

**5. DEFAULT -** You will be in default under this Agreement if you do not make a payment of the amount required on or before the date it is due. You will be in default if you break any promise you made in connection with this loan or if anyone is in default under any security agreement made in connection with this Agreement. You will be in default if you die, file for bankruptcy, become insolvent (that is unable to pay your bills and loans as they become due), or if you made any false or misleading statements in your loan application. You will also be in default if something happens that we believe may seriously affect your ability, to repay what you owe under this Agreement or if you are in default under any other loan agreement you have with us.

**6. ACTIONS AFTER DEFAULT -** When you are in default, we may demand immediate payment of the entire unpaid balance under this Agreement. You waive any right you have to receive demand for payment, notice of intent to demand immediate payment and notice of demand for immediate payment. If we demand immediate payment, you will continue to pay interest at the rate provided for in this Agreement, until what you owe has been repaid. We will also apply against what you owe any shares and/or deposits given as security under this Agreement. We may also exercise any other rights given by law when you are in default.

**7. EACH PERSON RESPONSIBLE -** Each person who signs this Agreement will be individually and jointly responsible for paying the entire amount owed under this Agreement. This means we can enforce our rights against any one of you individually or against all of you together.

**8. LATE CHARGE -** If you are late in making a payment, you promise to pay the late charge shown in the Truth in Lending Disclosure. If no late charge is shown, you will not be charged one.

**9. DELAY IN ENFORCING RIGHTS -** We can delay enforcing any of our rights under this Agreement any number of times without losing the ability to exercise our rights later. We can enforce this Agreement against your heirs or legal representatives.

**10. CONTINUED EFFECTIVENESS -** If any part of this Agreement is determined by a court to be unenforceable, the rest will remain in effect.

**11. NOTICES -** Notices will be sent to you at the most recent address you have given us in writing. Notice to any one of you will be notice to all.

**12. OTHER PROVISIONS -**

© CUNA MUTUAL GROUP, 1999, 2000, 2001 ALL RIGHTS RESERVED

NXX022 (LASER)

CREDIT UNION COPIES

(Page 5 of 125)

United Services Auto. Asso. Grantor Union    Case 2:14-bk-15245-BR    Doc 361-1 Filed 12/05/23 03:30/23 12:05/23 16:54:23 Desc of Main Document 4    Page 17 of 22

## SECURITY AGREEMENT

In this Agreement all references to "credit union," "we," "our" or us" mean the credit union whose name appears on this document and anyone to whom the credit union assigns or transfers this Agreement. All references to the "Loan" mean the loan described in the Loan Agreement that is part of this document. All references to "you," or "your" mean any person who signs this Agreement.

**1. THE SECURITY FOR THE LOAN** - You give us what is known as a security interest in the property described in the "Security" section of the Truth in Lending Disclosure that is part of this document ("the Property"). The security interest you give includes all accessions. Accessions are things which are attached to or installed in the Property now or in the future. The security interest also includes any replacements for the Property which you buy within 10 days of the Loan and any extensions, renewals or refinancings of the Loan. It also includes any money you receive from selling the Property or from insurance you have on the Property. If the value of the Property declines, you promise to give us more property as security if asked to do so.

**2. WHAT THE SECURITY INTEREST COVERS** - The Property secures the Loan and any extensions, renewals or refinancings of the Loan. If the Property is not a dwelling, it also secures any other loans, including any credit card loan, you have now or receive in the future from us and any other amounts you owe us for any reason now or in the future, except any loan secured by your principal residence. If the Property is household goods as defined by the Federal Trade Commission Credit Practices Rule or your principal residence, the Property will secure only this Loan and not other loans or amounts you owe us.

**3. OWNERSHIP OF THE PROPERTY** - You promise that you own the Property or, if this Loan is to buy the Property, you promise you will use the Loan proceeds for that purpose. You promise that no one else has any interest in or claim against the Property that you have not already told us about. You promise not to sell or lease the Property or to use it as security for a loan with another creditor until the Loan is repaid. You promise you will allow no other security interest or lien to attach to the Property either by your actions or by operation of law.

**4. PROTECTING THE SECURITY INTEREST** - If your state issues a title for the Property, you promise to have our security interest shown on the title. We may have to file what is called a financing statement to protect our security interest from the claims of others. If asked to do so, you promise to sign a financing statement. You promise to do whatever else we think is necessary to protect our security interest in the Property. You also promise to pay all costs, including but not limited to any attorney fees, we incur in protecting our security interest and rights in the Property, to the extent permitted by applicable law.

**5. USE OF PROPERTY** - Until the Loan has been paid off, you promise you will: (1) Use the Property carefully and keep it in good repair. (2) Obtain our written permission before making major changes to the Property or changing the address where the Property is kept. (3) Inform us in writing before changing your address. (4) Allow us to inspect the Property. (5) Promptly notify us if the Property is damaged, stolen or abused. (6) Not use the Property for any unlawful purpose.

**6. PROPERTY INSURANCE, TAXES AND FEES** - You promise to pay all taxes and fees (like registration fees) due on the Property and to keep the Property insured against loss and damage. The amount and coverage of the property insurance must be acceptable to us. You may provide the property insurance through a policy you already have, or through a policy you get and pay for. You promise to make the insurance payable to us and to deliver the policy or proof of coverage to us if asked to do so.

If you cancel your insurance and get a refund, we have a right to the refund. If the Property is lost or damaged, we can use the insurance settlement to repair the Property or apply it towards what you owe. You authorize us to endorse any draft or check which may be payable to you in order for us to collect any refund or benefits due under your insurance policy.

If you do not pay the taxes or fees on the Property when due or keep it insured, we may pay these obligations, but we are not required to do so. Any money we spend for taxes, fees or insurance will be added to the unpaid balance of the Loan and you will pay interest on those amounts at the same rate you agreed to pay on the Loan. We may receive payments in connection with the insurance from a company which provides the insurance. We may monitor our loans for the purpose of determining whether you and other borrowers have complied with the insurance requirements of our loan agreements or may engage others to do so. The insurance charge added to the Loan may include (1) the insurance company's payments to us and (2) the cost of determining compliance with

the insurance requirements. If we add amounts for taxes, fees or insurance to the unpaid balance of the Loan, we may increase your payments to pay the amount added within the term of the insurance or term of the Loan.

**7. INSURANCE NOTICE** - If you do not purchase the required property insurance, the insurance we may purchase and charge you for will cover only our interest in the Property. **The insurance will not be liability insurance and will not satisfy any state financial responsibility or no fault laws.**

**8. DEFAULT** - You will be in default if you break any promise you make or fail to perform any obligation you have under this Agreement. You will also be in default under this Agreement if the Loan is in default.

**9. WHAT HAPPENS IF YOU ARE IN DEFAULT** - When you are in default, we may demand immediate payment of the outstanding balance of the Loan without giving you advance notice and take possession of the Property. You agree the Credit Union has the right to take possession of the Property without judicial process if this can be done without breach of the peace. If we ask, you promise to deliver the Property at a time and place we choose. We will not be responsible for any other property not covered by this Agreement that you leave inside the Property or that is attached to the Property. We will try to return that property to you or make it available to you to claim.

After we have possession of the Property, we can sell it and apply the money to any amounts you owe us. We will give you notice of any public sale or the date after which a private sale will be held. Our expenses for taking possession of and selling the Property will be deducted from the money received from the sale. Those costs may include the cost of storing the Property, preparing it for sale and attorney's fees to the extent permitted under state law or awarded under the Bankruptcy Code. The rest of the sale money will be applied to what you owe under the Loan.

If you have agreed to pay the Loan, you will also have to pay any amount that remains unpaid after the sale money has been applied to the unpaid balance of the Loan and to what you owe under this Agreement. You agree to pay interest on that amount at the same rate as the Loan until that amount has been paid.

**10. DELAY IN ENFORCING RIGHTS AND CHANGES IN THE LOAN** -

We can delay enforcing any of our rights under this Agreement any number of times without losing the ability to exercise our rights later. We can enforce this Agreement against your heirs or legal representatives. If we change the terms of the Loan, you agree that this Agreement will remain in effect.

**11. CONTINUED EFFECTIVENESS** - If any part of this Agreement is determined by a court to be unenforceable, the rest will remain in effect.

**12. NORTH DAKOTA NOTICE TO BORROWERS PURCHASING A MOTOR VEHICLE** - THE MOTOR VEHICLE IN THIS TRANSACTION MAY BE SUBJECT TO REPOSSESSION. IF IT IS REPOSSESSED AND SOLD TO SOMEONE ELSE, AND ALL AMOUNTS DUE TO THE SECURED PARTY ARE NOT RECEIVED IN THAT SALE, YOU MAY HAVE TO PAY THE DIFFERENCE.

**13. NOTICE FOR ARIZONA OWNERS OF PROPERTY** - It is unlawful for you to fail to return a motor vehicle that is subject to a security interest, within thirty days after you have received notice of default. The notice will be mailed to the address you gave us. It is your responsibility to notify us if your address changes. The maximum penalty for unlawful failure to return a motor vehicle is one year in prison and/or a fine of $150,000.00.

☐ *The following notice applies ONLY when the box at left is marked.*

**14. NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

**15. OTHER PROVISIONS** -

© CUNA MUTUAL GROUP, 1999, 2000, 2001 ALL RIGHTS RESERVED          CREDIT UNION COPIES          NXX022 (LASER)



**USA Federal**
CREDIT UNION.

9999 Willow Creek Rd.
San Diego, CA 92131-1117
(858) 831-8100

## NOTICE TO COSIGNER

*(Traducción en Ingles Se Requiere Por La Ley)*

You are being asked to guarantee this debt. Think carefully before you do. If the borrower doesn't pay the debt, you will have to. Be sure you can afford to pay if you have to, and that you want to accept this responsibility.

You may have to pay up to the full amount of the debt if the borrower does not pay. You may also have to pay late fees or collection costs, which increase this amount.

The creditor can collect this debt from you without first trying to collect from the borrower. The creditor can use the same collection methods against you that can be used against the borrower, such as suing you, garnishing your wages, etc. If this debt is ever in default, that fact may become part of *your* credit record.

This notice is not the contract that makes you liable for the debt.

## AVISO PARA EL FIADOR

*(Spanish Translation Required By Law)*

Se le está pidiendo que garantice esta deuda. Piénselo con cuidado antes de ponerse de acuerdo. Si la persona que ha pedido este préstamo no paga la deuda, usted tendrá que pagarla. Esté seguro de que usted podrá pagar si sea obligado a pagarla y de que usted desea aceptar la responsabilidad.

Si la persona que ha pedido el préstamo no paga la deuda, es posible que usted tenga que pagar la suma total de la deuda, mas los cargos por tardarse en el pago o el costo de cobranza, lo cual aumenta el total de esta suma.

El acreedor (financiero) puede cobrarle a usted sin, primeramente, tratar de cobrarle al deudor. Los mismos metodos de cobranza que pueden usarse contra el deudor, podran usarse contra usted, tales como presentar una demanda en corte, quitar parte de su sueldo, etc. Si alguna vez no se cumpla con la obligación de pagar esta deuda, se puede incluir esa información en la historia de crédito de *usted.*

Este aviso no es el contrato mismo en que se le echa a usted la responsabilidad de la deuda.

Receipt of this notice is herein acknowledged:
Recibo de este aviso está aqui reconosido:

| | | |
|---|---|---|
| *Eduardo Villareal* (SEAL) | | 22-Feb-06 |
| Signature of Cosigner/Firma del Fiador   EDUARDO VILLARREAL | | Date/Fecha |

| | | |
|---|---|---|
| (SEAL) | | |
| Signature of Cosigner/Firma del Fiador | | Date/Fecha |

*Eduardo Villareal*

Borrower's Name

$82,500.00

Loan Amount

███8067 - L32

Loan Number

$743.74

Monthly Payment

©CUNA MUTUAL GROUP, 1986, 82, 84, 86, 89, 95, ALL RIGHTS RESERVED       **CREDIT UNION COPIES**       MXCA00 (LASER) 27850

# **<u>EXHIBIT 3</u>**



## PACHULSKI
## STANG
## ZIEHL &
## JONES

LAW OFFICES
LIMITED LIABILITY PARTNERSHIP

LOS ANGELES, CA
SAN FRANCISCO, CA
WILMINGTON, DE
NEW YORK, NY
HOUSTON, TX

10100 SANTA MONICA BLVD.
13th FLOOR
LOS ANGELES
CALIFORNIA 90067-4003

**TELEPHONE: 310.277.6910**
FACSIMILE: 310.201.0760

**SAN FRANCISCO**
ONE SANSOME STREET
34th FLOOR, SUITE 3430
SAN FRANCISCO
CALIFORNIA 94104

**TELEPHONE: 415.263.7000**
FACSIMILE: 415.263.7010

**DELAWARE**
919 NORTH MARKET STREET
17th FLOOR
P.O. BOX 8705
WILMINGTON
DELAWARE 19899-8705

**TELEPHONE: 302.652.4100**
FACSIMILE: 302.652.4400

**NEW YORK**
780 THIRD AVENUE
34th FLOOR
NEW YORK
NEW YORK 10017-2024

**TELEPHONE: 212.561.7700**
FACSIMILE: 212.561.7777

**TEXAS**
440 LOUISIANA STREET
SUITE 900
HOUSTON
TEXAS 77002-1062

**TELEPHONE: 713.691.9385**
FACSIMILE: 713.691.9407

WEB: www.pszjlaw.com

James I. Stang                    July 21, 2023                    310.772.2354
                                                                  jstang@pszjlaw.com

Navy Federal Credit Union
PO Box 3000
Merrifield, VA 22119

**Re:    Eduardo Villarreal and Wendy Villareal
        Chapter 7 Case No. 2:14-bk-15245 (C.D. Cal.)**

Dear Sir or Madam:

Pachulski Stang Ziehl & Jones LLP is counsel to Wendy Villareal in connection with the above-referenced chapter 7 bankruptcy case. Navy Federal Credit Union filed a proof of claim in this case on March 30, 2023, docketed as claim number 4. A copy of the proof of claim is attached for your reference.

We understand that this claim is related to a trailer home that was the subject of a foreclosure action around in or around 2014. We are seeking additional information regarding the loan and the foreclosure. We would appreciate it if you could provide any additional details that may exist in your records, including but not limited to the disposition of the collateral, the date of any foreclosure sale, and information regarding any such sale, such as the identity of the purchaser, the type of bid, and the extent to which the debt was paid.

Please feel free to contact us with any questions or to discuss this matter further. Thank you.

Very truly yours,

James I. Stang

JIS

DOCS_DE:243767.1 55929/001

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
10100 Santa Monica Blvd., 13th Fl., Los Angeles, California 90067.

True and correct copies of the foregoing documents entitled (*specify*): **OBJECTION OF JOINT DEBTOR TO CLAIM OF NAVY FEDERAL CREDIT UNION [CLAIM NO. 4]; MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATIONS OF JAMES I. STANG AND JOINT DEBTOR** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **December 5, 2023**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒  Service information continued on attached page

**2.  December 5, 2023**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒  Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **December 5, 2023**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**VIA OVERNIGHT MAIL**
The Hon. Barry Russell
Courtroom 1668
United States Bankruptcy Court
Central District of California
Edward R. Roybal Fed. Bldg. & Courthouse
255 E. Temple Street, Suite 1660
Los Angeles, CA 90012

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| December 5, 2023 | Sophia L. Lee | /s/ Sophia L. Lee |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**In re:** EDUARDO VILLARREAL and WENDY VILLAREAL
**Case No. 2:14-bk-15245-BR**

<u>**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):**</u>

- **Mario M De La Rosa on behalf of Debtor Eduardo Villarreal vnndelarosa@aol.com**
- **Mario M De La Rosa on behalf of Joint Debtor Wendy Villareal vnndelarosa@aol.com**
- **Marian Garza on behalf of Creditor Capital One Auto Finance ecfnotices@ascensioncapitalgroup.com**
- **Jennifer McGrath on behalf of Interested Party Jennifer J. McGrath**
- **jmcgrath@mklawllp.com**
- **John J Menchaca (TR) jmenchaca@menchacacpa.com,
  igaeta@menchacacpa.com;ecf.alert+Menchaca@titlexi.com**
- **Stephanie Rios on behalf of Creditor Capital One Auto Finance, a division of Capital One, N.A.**
- **ecfnotices@ascensioncapitalgroup.com**
- **Avi Schild on behalf of Interested Party Courtesy NEF bk@atlasacq.com**
- **United States Trustee (LA) ustpregion16.la.ecf@usdoj.gov**
- **Hatty K Yip on behalf of U.S. Trustee United States Trustee (LA) hatty.yip@usdoj.gov,
  hatty.k.yip@usdoj.gov**

<u>**SERVED BY UNITED STATES MAIL**</u>:

Navy Federal Credit Union
Attn: Mary McDuffie, President/CEO
P.O. Box 3000
Merrifield, VA 22119
*(certified mail)*

Navy Federal Credit Union
Attn: CSC-Lawyers Incorporating Service
2710 Gateway Oaks Drive, Suite 150N
Sacramento, CA 95833-3505

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.